16-3655
*Bouvier v. Adelson*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand seventeen.

PRESENT:
        REENA RAGGI,
        SUSAN L. CARNEY,
                Circuit Judges,
        LEWIS A. KAPLAN,[*]
                District Judge.

───────────────────────────────────────────

IN RE ACCENT DELIGHT INTERNATIONAL LTD.,
XITRANS FINANCE LTD.

───────────────────────────────────────────

YVES BOUVIER, MEI INVEST LTD.,

        Intervenors-Appellants,

        v.                        No. 16-3655

───────────────

[*] Judge Lewis A Kaplan, United States District Court for the Southern District of New York, sitting by designation.

WARREN ADELSON, ALEXANDER PARISH,
ROBERT SIMON,

                  Respondents-Appellees,

ACCENT DELIGHT INTERNATIONAL LTD.,
XITRANS FINANCE LTD.,

                  Petitioners-Appellees,

SOTHEBY'S,

                  Respondent.

---

APPEARING FOR INTERVENORS-APPELLANTS:    DANIEL W. LEVY (James H. Smith, *on the brief*), McKool Smith, P.C., New York, NY.

APPEARING FOR PETITIONERS-APPELLEES:    DANIEL J. KORNSTEIN (O. Andrew F. Wilson and Douglas E. Lieb, *on the brief*), Emery Celli Brinckerhoff & Abady LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 5, 2016 order of the district court is **AFFIRMED**.

Intervenors-Appellants Yves Bouvier and MEI Invest Ltd. (collectively, "Bouvier") appeal from an order of the United States District Court for the Southern District of New York (Furman, *J.*) granting the application of Petitioners-Appellees Accent Delight International Ltd. and Xitrans Finance Ltd. (collectively, "Petitioners") for discovery in aid of foreign litigation under 28 United States Code Section 1782. In an opinion also issued today, we affirm a portion of the District Court's order pertaining to two of Bouvier's appellate arguments concerning the scope of Section 1782. In this summary order, we AFFIRM the district court's order with respect to the remaining issues on appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

2

## I. Standard of Review

This court reviews *de novo* the determination by the district court that the statutory requirements for discovery under Section 1782 are met. *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 27 (2d Cir. 1998). If those requirements are met, we review the determination whether to grant discovery for abuse of discretion. *Id.*

## II. Consideration of the *Intel* Discretionary Factors

The decision whether to grant discovery under Section 1782 rests within the discretion of the district court. That discretion, however, is not boundless. The Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), provided relevant considerations to guide district courts when considering Section 1782 applications. We have distilled these considerations into a four-factor test:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for [Section] 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."

*Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (quoting *Intel*, 542 U.S. at 264-65).

Bouvier argues that the district court failed properly to consider the *Intel* factors, specifically the third factor, in granting Petitioners' application. He maintains also that the court erred when it declined his request to submit supplemental briefing on the *Intel* factors. We reject these contentions.

First, the record does not support Bouvier's claim that the district court failed to consider the third *Intel* factor. To the contrary, the court stated that "[t]he discretionary factors favor[ed]" discovery. S.P.A. 5. To be sure, the court in its memorandum opinion discussed at length only the fourth factor. But that is unsurprising given that Bouvier focused on that factor in his briefing and because none of the other factors was in serious dispute. As to the third factor, the letter from the magistrate in Monaco, in which he stated that he would accept Petitioners' submission of the requested discovery, defeats Bouvier's argument that Petitioners' application was an attempt to circumvent the evidence-gathering policies of that country. We discern no error in the district court's *Intel* analysis that would constitute an abuse of discretion.

Second, the district court did not err in declining to consider supplemental briefing on the *Intel* factors *after* it had ruled on Petitioners' application. The parties briefed the *Intel* factors in their initial submissions to the court. When Petitioners submitted the letter from the magistrate presiding

in Monaco, Bouvier did not readdress the *Intel* factors in his response. By the time it ruled, the district court had received multiple submissions from each side and had heard oral argument. We therefore hold that the court acted entirely within its discretion in rejecting Bouvier's request for additional briefing.

### III. Application of Section 1782 to Documents Located Outside of the United States

Bouvier next argues that the district court erred in granting the Section 1782 application as to documents located outside the United States. Whether Section 1782 permits such discovery presents a question on which we have not yet ruled. *See, e.g.*, *In re Application of Sarrio, S.A.*, 119 F.3d 143, 147 (2d Cir. 1997) (declining to reach issue). The issue has divided district courts in this circuit. *Compare In re Application of Godfrey*, 526 F. Supp. 2d 417 (S.D.N.Y. 2007) (documents located outside United States not discoverable under Section 1782), *with In re Application of Gemeinschaftspraxis Dr. Med. Schottdorf*, No. M19-88 (BSJ), 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) (reaching opposite conclusion).

We decline to rule on this question because it is not properly before us. The district court noted that the question "seem[ed] academic" in this case because respondent Sotheby's never asserted that documents responsive to Petitioners' discovery request were located abroad. S.P.A. 5. Moreover, Bouvier acknowledges in his appellate briefs "the lack of *any* factual record about where the documents were stored." Appellants' Reply Br. 25. As there is no reason to believe that the agreed-upon document production in this case includes any documents located abroad, we decline to rule on the issue.

### II. Conclusion

Accordingly, the October 5, 2016 order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4